## JACKSON *vs.* STATE.

MURDER FROM FULTON. Criminal Law. Charge of Court Murder. Manslaughter. Penitentiary. Officers. (Before Judge Hammond.)

Jackson, C. J.—1. If one of a number of penitentiary convicts, who were engaged in emptying and filling cans with water from a river, fell into the stream, and was not attempting escape, and if the guard in charge, as a reasonable man, must have so concluded by observing his efforts to return, if such were made, but nevertheless fired upon and

killed him, it would be murder. But it is the duty of the guard to keep safely the convicts placed in his charge, and to prevent their escape; and therefore if the circumstances were such as to lead him, as a reasonable man, honestly to conclude in his own mind that the convict was trying to escape and that the necessity was upon him to shoot and kill in order to prevent the escape, and if, urged by this necessity pressing upon him in the discharge of official duty as a guard, he did shoot and kill to prevent the escape, then the homicide would be justifiable. 57 Ga., 183 (6 h. n.)

2. In order to justify the homicide of a convict by the guard, the circumstances must be such as to enable the jury to find that the guard, as a reasonable man, was impressed at the moment of the killing, that the necessity was upon him to kill in order to prevent the convict's escape, and that he did act and kill with intent solely to discharge duty and prevent escape. If there be proof of malice of any sort, satisfactory to the jury beyond a reasonable doubt, on the part of the guard towards his prisoner, then that should be weighed as a motive moving the guard, and from it the jury might conclude that the malicious intent, and not the intent to discharge duty and prevent escape, predominated in the breast of the guard, and made a case of murder. Whar. Hom. §214 *et seq ;* 2 Am.(Crim. R. 624; 1 East P. C. 298; 1 Hale P. C. 481, 488

(a) Whether the guard halted the convict or commanded him to stop or return would also be a circumstance to be weighed with the other circumstances in the case.

3. There can be no involuntary manslaughter, where the intention is to kill. If there is any evidence to raise a doubt, even though slight, as to the intention to kill, the court should give in charge the law of involuntary manslaughter ; but if there is nothing to raise such a doubt, the failure to charge on that subject will not require a new trial. 56 Ga., 113.

(a) In this case|the inference which could be drawn from the statement of the defendant, was such as to require a charge on the subject of involuntary manslaughter in the commission of a lawful act without due caution and circumspection. Code §§ 4327, 4328, 4329.

Judgment reversed.

Hall and Blandford, JJ., concurred in the judgment, but announced that, in their opinion, if the facts showed any crime, it was not greater than involuntary manslaughter in the commission of a lawful act without due caution and circumspection.

W. T. Newman ; H. C. Glenn, for plaintiff in error.

Clifford Anderson, attorney-general, by J. H. Lumpkin ; C. D. Hill, solicitor general for the State.